**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **HOWARD L. ESTEP** | ) | **CASE NO. 06-70306** |
| | ) | |
| Debtor. | ) | **CHAPTER 13** |

___

## MEMORANDUM DECISION

The matter before the Court is the effect of the Debtor's failure to timely receive credit counseling. After due consideration of the facts and circumstances of this case and the applicable law, the Court concludes that the Debtor's case should be dismissed without prejudice.

### FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 12, 2006 and requested a waiver of the requirements to obtain credit counseling prior to filing based on exigent circumstances. The Debtor did not file a certification describing such circumstances. On April 13, 2006, the Court issued a notice that a hearing would be held for the debtor to appear for failure to receive credit counseling. On April 25, 2006, the Debtor filed a certificate of counseling showing that the Debtor received such counseling on April 18, 2006. On April 26, 2006, Debtor's counsel filed a certification of exigent circumstances. On May 1, 2006, Debtor's counsel filed a letter with the Court requesting that the matter be dismissed without prejudice.

### CONCLUSIONS OF LAW

<u>Jurisdiction</u>

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

<u>Dismissal under 11 U.S.C. § 109(h)</u>

Because this case was filed on April 12, 2006, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005). Under this law, an individual may not be a debtor unless, during the 180-day period preceding the date of filing of the petition, he or she received from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). The requirement may be deferred with respect to a debtor who submits to the court a certification that

> (i) describes exigent circumstances that merit a waiver of the requirement of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). All of these three conditions must be satisfied.

Section 109(h) is clear that in the absence of credit counseling in the 180 days

preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within five days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case. *In re Louredo*, No.05-15846-SSM, slip op. at 1-2 (Bankr. E.D. Va., November 16, 2005) (citing *In re Watson*, No. 05-77864-DHA (Bankr. E.D.Va., November 3, 2005)). "Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy." *Id*. at 2. The statute does not excuse ignorance of its requirements and requires the court to dismiss the case if the debtor has not obtained credit counseling before filing unless he certifies that he requested same and it was not available within five days of the request. In the instant case, the Debtor did not obtain credit counseling in the 180 days prior to the filing of his petition, nor did he state that he requested credit counseling and was unable to receive it within five days of the request. Additionally, counsel for the Debtor has requested that the case be dismissed without prejudice. Therefore, the Debtor's case must be dismissed.

## CONCLUSION

Based upon the above authorities, the Court concludes that the Debtor's case must be dismissed without prejudice. An order to such effect will be entered contemporaneously with the signing of this Decision. The Clerk is requested to send a copy of this Memorandum Decision to each of the following: the Debtor, counsel for the Debtor, the Trustee, and the Office of the United States Trustee.

This 3rd day of May, 2006.

      */s/ William F. Stone, Jr.*
_____
UNITED STATES BANKRUPTCY JUDGE